**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL McKEE; EVGENIY GOUSSEV, | No. 22-35456 |
| Plaintiffs-Appellants, | D.C. No. 3:21-cv-05815-DGE |
| v. | |
| GENERAL MOTORS COMPANY, a Delaware Corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Argued and Submitted August 22, 2023
Seattle, Washington

Before: HAWKINS, GRABER, and McKEOWN, Circuit Judges.

Michael McKee and Evgeniy Goussev ("Plaintiffs") appeal the dismissal of their class action alleging that the General Motors Company made unlawful recordings of their private communications in violation of the Washington Privacy

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Act ("WPA"). This case is one of five related diversity class actions,[1] in which a group of Washington residents allege that automobile manufacturers recorded and intercepted their private text messages and call logs from their cellphones when they connected the phones to their respective vehicle's on-board infotainment system. The cases are related because, although the class actions were brought against different automobile manufacturers, the factual background and legal issues are essentially identical. In a case consolidated for argument with the instant appeal, *Jones v. Ford Motor Co.*, No. 22-35447, 2023 WL 7097365 (9th Cir. Oct. 27, 2023) (per curiam), we affirmed the district court's dismissal under Rule 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291 and for the same reasons set out in *Jones*, we affirm.

We conclude, as in *Jones*, that the district court properly retained jurisdiction to hear this case. *See Jones*, 2023 WL 7097365, at *2–3. Plaintiffs' operative complaint alleged that the vehicle's infotainment system downloads and permanently stores all text messages and call logs from Plaintiffs' cellphones without their consent. At the pleading stage, this alleged violation of a substantive

---

[1] The related cases are *Jones v. Ford Motor Co.*, No. 22-35447, 2023 WL 7097365 (9th Cir. Oct. 27, 2023) (per curiam); *Dornay v. Volkswagen Grp. of Am., Inc.*, No. 22-35451; *Goussev v. Toyota Motor Sales, U.S.A., Inc.*, No. 22-35454; *McKee v. Gen. Motors Co.*, No. 22-35456; and *Ritch v. Am. Honda Motor Co., Inc.*, No. 22-35448 (calendared separately in September 2023).

privacy right is sufficient to confer standing. *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020).

We also conclude, as in *Jones*, that the district court properly dismissed the merits of Plaintiffs' claim under the WPA. *See Jones*, 2023 WL 7097365, at *3. The district court properly dismissed Plaintiffs' claim for failure to satisfy the WPA's section 9.73.060 statutory injury requirement. To succeed at the pleading stage of a WPA claim, Plaintiffs must allege an injury to "his or her business, his or her person, or his or her reputation." WASH. REV. CODE § 9.73.060. Plaintiffs' allegation that a violation of the WPA itself is enough to satisfy injury to a "person" under section 9.73.060, without more, is insufficient to meet the statutory requirement.[2] *Jones*, 2023 WL 7097365, at *3.

**AFFIRMED.**

---

[2] Because the lack of an injury resolves this case, we need not address the district court's alternative holding that the WPA does not extend liability to manufacturing.